IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | No. 3:02-cr-396-M (01) |
| | § | |
| ADRIAN ESTABAN SANCHEZ HEREDIA | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Adrian Estaban Sanchez Heredia, a federal prisoner, has filed a *pro se* Motion for Leave to Proceed on Appeal *In Forma Pauperis* [Dkt. No. 460] (the "IFP motion"), as to his appeal of the Court's March 15, 2016 order reducing his sentence under 18 U.S.C. § 3582(c)(2), *see* Dkt. Nos. 455 & 458. Chief Judge Barbara M. G. Lynn has referred the motion to the undersigned United States magistrate judge for hearing, if necessary, and recommendation or determination. *See* Dkt. No. 462.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny the IFP motion and certify that this appeal is not taken in good faith.

**Applicable Background**

Defendant pleaded guilty to conspiracy to possess with intent to distribute a controlled substance, and, in June 2008, he was sentenced to 262 months' incarceration. *See* Dkt. No. 418.

In November 2014, Defendant moved under Section 3582(c)(2) to reduce his

sentence based on the 2014 retroactive amendments to the United States Sentencing Guidelines ("USSG") – which reduced the base offense levels applicable to most quantities on the drug and chemical quantity tables, *see generally* USSG §§ 2D1.1 & 2D1.11, and is commonly known as Amendment 782, *see* Dkt. No. 449. The Court determined that Defendant was eligible for a reduction, and his sentence was reduced to 240 months. *See* Dkt. No. 455.

The Court has denied Defendant's motion to reconsider this reduction. *See* Dkt. Nos. 457 & 459. And Defendant has noticed an appeal of the Court's order reducing his sentence. *See* Dkt. Nos. 458 & 463.

Defendant has also moved for leave to proceed *in forma pauperis* as to his appeal of the Court's order reducing his sentence. *See* Dkt. Nos. 460 & 461.

**Legal Standards and Analysis**

28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) govern the determination of the IFP motion. *See, e.g., Taylor v. Dretke*, No. 4:02-cv-1017-Y, 2003 WL 22121296, at *1 (N.D. Tex. Sept. 12, 2003).

Section 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.* An appeal is taken in good faith under that section if a litigant seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Therefore, in addition to demonstrating that his financial condition qualifies him to proceed under the IFP statute, "[a] movant who seeks authorization to proceed IFP on appeal [also] must demonstrate that ... his appeal involves nonfrivolous issues."

*Amir-Sharif v. Dallas Cnty. Tex.*, 269 F. App'x 525, 526 (5th Cir. 2008) (per curiam) (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982)). In the Fifth Circuit, this requirement in civil cases is the same in criminal cases – "[a] movant seeking leave to proceed IFP on appeal in a civil case must show that he is a pauper and that the appeal raises nonfrivolous issues. A movant seeking leave to proceed IFP in a criminal case must make the same showing." *United States v. Torres*, 450 F. App'x 361, 362 (5th Cir. 2011) (per curiam) (respectively citing *Carson*, 689 F.2d at 586; *United States v. Boutwell*, 896 F.2d 884, 888-90 (5th Cir. 1990) (one-judge order circulated to entire court)).[1]

"[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." *Kirklewski v. Hamilton*, No. 3:07cv193, 2008 WL 906011, at *1 (S.D. Ohio Mar. 31, 2008); *see Coppedge*, 369 U.S. at 445; *see also McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015) (per curiam) ("By failing to provide argument that addresses the basis of the district court's dismissal, McGarrah has failed to adequately present any argument for this court's consideration. He has thus failed to establish that he will

---

[1] *See also United States v. Ramirez*, 429 F. App'x 400, 401 (5th Cir. 2011) (per curiam) ("Insofar as Ramirez argues that the district court erred by applying 28 U.S.C. § 1915 to his IFP motion[ – related to his appeal of the district court's denial of his motion under Federal Rule of Criminal Procedure 35 – ]he is wrong. Ramirez's request for IFP status will be granted if he is unable to pay the costs of the appeal and the appeal is taken in good faith. § 1915(a)(1), (3)." (citing *Boutwell*, 896 F.2d at 888-90)); *contra United States v. Osuna*, 141 F.3d 1412, 1415 (10th Cir. 1998) ("The determination of the frivolousness of a direct criminal appeal is the responsibility of the court of appeals in its determination on the merits of the appeal. To reiterate, the standards of 28 U.S.C. § 1915 do not apply to applications to proceed without prepayment of fees and costs, or for appointment of counsel, in direct criminal appeals.").

raise a nonfrivolous issue for appeal."); *accord Clark v. Oklahoma*, 468 F.3d 711, 713, 715 (10th Cir. 2006).

As to criminal cases, the Court of Appeals in *Boutwell* warned

> that absent a statement of sufficient specificity to enable the court to make a clear determination of the basis for the defendant's appeal, we give great deference to the district court's determination of frivolousness. We will no longer search for, nor create, a ground upon which a defendant's appeal might be considered non-frivolous, and, having no other guidance as to what the defendant might have meant, grant his appeal for fear of denying some valid claim that may be buried somewhere in vague words. Such a basis must be made plain in the motions and any relevant facts must be set forth.

896 F.2d at 890; *accord* FED. R. APP. P. 24(a)(1) (with exceptions, the motion for leave to appeal IFP filed in the district court must include an affidavit that "states the issue the party intends to present on appeal").

Although Defendant states "that because of my poverty I am unable to prepay the cost of [the appeal,]" Dkt. No. 460 at 1, the financial information Defendant has provided to the Court does not qualify him as a pauper, *see id.* at 2-3 (reflecting that over the past six months $1,710.00 has been deposited into his inmate trust account). Defendant also has not shown that his appeal raises nonfrivolous issues. *See id.* at 1 ("I believe I am entitled to relief the issues which I desire to present on appeal are as follows: (Provide a statement of the issues you will present to the Court. You may continue on the other side of this sheet if necessary.)").

Even if Defendant somehow qualifies as a pauper, because he has failed to provide a basis for his appeal of the Court's order, the Court should find – and certify – that his appeal is not taken in good faith.

## Recommendation

The Court should deny the Motion for Leave to Proceed on Appeal *In Forma Pauperis* [Dkt. No. 460] and certify pursuant to 28 U.S.C. § 1915(a)(3) that Defendant's appeal is not taken in good faith.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 3, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE